## ATWATER *v.* WHITEMAN.

*(Circuit Court, D. Minnesota.* February 27, 1890.)

1. DECEIT—DAMAGES—INSTRUCTIONS.
   In an action for false representations, whereby plaintiff was induced to buy land, an instruction that the measure of damages is the difference between the fair cash value of the land as it actually was at the time of the conveyance, and its fair cash value at that time had it been as represented, is erroneous, as the correct measure of damages in such case is the difference between the fair cash value of the land and the price paid. Following *Smith* v. *Bolles,* 10 Sup. Ct. Rep. 39.

2. SAME—APPEAL—REVIEW—HARMLESS ERROR.
   Where it appears from the verdict that the jury disregarded such instruction, and estimated the damages according to the correct rule, the giving of such instruction is harmless error.

At Law. On motion for new trial.

Action by Linnie V. Atwater against Alonzo J. Whiteman. The jury returned a verdict for plaintiff.

*Hammons & Hammons,* for plaintiff.

*Cash & Williams,* for defendant.

SHIRAS, J. This action was brought to recover damages alleged to have been caused to plaintiff by reason of certain misrepresentations touching the character and value of some 1,600 acres of pine lands conveyed by defendant to plaintiff. On the trial before the jury, it appeared that at the time the lands were conveyed the defendant was engaged to be married to the daughter of plaintiff; that the plaintiff had about $8,000 that she wished to safely invest, so as to secure a good return thereon; that she consulted the defendant in regard to such investment; that the defendant represented to her that he had the lands in question; that they were cheap at $7,000, and would be a good investment for her; that the lands had on them good, merchantable pine; that the plaintiff, relying on defendant's representations, took the lands at $6,964. The jury found that the lands were not in character and quality what they were represented to be, and, under the instructions of the court, returned a general and special verdict in favor of plaintiff. There was not any substantial difference in the testimony of the plaintiff and defendant touching the manner in which the purchase was made, or the statements of defendant regarding the land. The main dispute in the testimony was over the actual character of the land, and the quality, quantity, and value of the pine timber thereon. In charging the jury upon the rule of damages in case the main issue was found in favor of plaintiff, the court, in substance, instructed the jury that they were to find the fair cash value the land would have had, had it in fact been of the character, quality, and value that the defendant represented it to be, and the fair cash value of the land as it actually was at the time of the conveyance, and the difference between these sums would be the damages which plaintiff had suffered at the time of the conveyance of the lands, to which the jury might, in their discretion, add interest at the legal rate. No

exceptions were taken to the instructions, as counsel then deemed the same to be the correct rule on the subject of damages.

Upon the motion for new trial, it is suggested that the rule of damages thus given to the jury was erroneous, in that the declaration is in tort, and the rule given was not applicable thereto. That this position is well taken appears from the ruling of the supreme court in *Smith* v. *Bolles*, 10 Sup. Ct. Rep. 39. Neither counsel nor the court had noticed this decision, which had been published but a few days before the trial in this cause. No exceptions to the charge were taken by either party, and the case was sent to the jury upon what was then supposed by all to be the correct rule of damages. While defendant did not except to the ruling, but, in fact, acquiesced therein, and did not therefore lay a foundation for subsequently presenting the question as ground for reversal, I should deem it the duty of the court, even of its own motion, to grant a new trial for this misdirection, unless it appears that in fact no injury was caused thereby to the defendant.

As already stated, the rule given the jury directed them to find the fair cash value of the land at the time of the deal between the parties, and the fair cash value the same would have had if the land had been equal to the representations made by defendant, and the difference would' be the sum to which plaintiff was entitled. According to the ruling in *Smith* v. *Bolles*, the court should have instructed the jury to find the fair cash value of the land in the condition it actually was when the conveyance thereof was made, and to deduct such value from the sum of money invested by plaintiff in the land, and the difference, with interest added at the discretion of the jury, would be the amount to which plaintiff was entitled. By direction of the court, the jury returned a general verdict, and special findings. The general verdict was as follows:

"We, the jury, find verdict for the plaintiff for four thousand nine hundred and twenty-four 62-100 dollars ($4,924.62,) with interest at the rate of seven per cent. from Nov. 15th, 1882, to Jan'y 7, 1890; amounting to two thousand four hundred and seventeen and 90-100 dollars ($2,417.90,) which added to the last-named amount, makes a total of $7,342.50."

In answer to the specific questions submitted, the jury found that the fair cash value of the land at the time of the sale was $1.25 per acre, and that if the land had, at the time of the sale, been equal in quality and value to what defendant represented it to be, the value thereof would have been $11,598.13. The undisputed evidence shows that there was invested in the land the sum of $6,964 belonging to plaintiff. Deduct from this amount the value of the land at the rate of $1.25 per acre, as found by the jury, and we get the exact sum found by the jury in the general verdict as the amount of damages, to-wit, $4,924.62. It is therefore clear, beyond question, that the jury, in estimating the damages, in fact carried out the rule laid down in *Smith* v. *Bolles*, or, in other words, they found the value of the lands in the condition they actually were at the date of the sale; and, taking the sum paid by plaintiff as the representative of the value that they would have had if equal to the representations made, they deducted the one sum from the other to ascertain the

damages caused to plaintiff at the date of the sale, and then added interest thereto. If a new trial should be granted, the defendant could not hope to change the amount of the verdict unless he could satisfy the jury that the lands were worth at the date of sale more than $1.25 per acre. This question was a material one at the last trial, and both parties submitted evidence thereon. The jury fixed the value at the figure named, and no showing of error in this regard is made; nor is it claimed that there exists any newly-discovered evidence on this point. There is nothing, therefore, made to appear which would justify the court in assuming that on a new trial any different finding on this question would be reached. If upon a new trial the findings on this question would be the same, or substantially so, then the amount of the verdict would not be changed, under the rule of damages laid down in *Smith* v. *Bolles.* While, therefore, it is admitted that the rule of damages given the jury was erroneous, it likewise appears that the jury in fact so applied the same as to reach, in the general verdict, the exact result they would have reached had the correct rule of damages been given them. In fact, therefore, the error caused no injury to defendant; and under such circumstances, and in view of the further fact that the court is satisfied that the general verdict effectuates justice between the parties, the court is justified, in the exercise of its discretion, in disregarding the admitted error in the rule of damages given to the jury, and, as a consequence, in overruling the motion for new trial.